Elam, C.J.
This is an appeal to the Appellate Division of the Boston Municipal Court in which petitioner seeks to establish a report pursuant to Rule 140 of the Dist./Mun. Cts. Supp. R. Civ. P.
In June of 1977, petitioner was terminated by the New England Medical Center, Inc. for allegedly falsifying hospital documents, viz., signing a letter written on New England Medical Center stationery with the name of the hospital’s personnel director. After a hearing was held by a review examiner in the Division of Employment Security, the Director of the Division denied petitioner unemployment compensation on July 28, 1977. This decision was upheld on February 6, 1978 after an appeal to the full board of review. Judicial review was then sought in the Boston Municipal Court. On February 5, 1979, the court remanded the case to the Board of Review “for the purpose of taking further evidence.” On October 2, 1979, a full hearing was held before the Board of Review at which petitioner was represented by counsel anc. subsequently on January 24, 1980 again the Board found that the petitioner was discharged for deliberate misconduct. Again an appeal was taken to the Boston Municipal Court and on April 30, 1981 the court affirmed the decision of the Board of Review.
On May 27, 1981, the petitioner filed a notice of appeal and on June 1, 1981 filed a *17 "Brief of Notice of Appeal.” The court on June 18, 1981, held a hearing on the "Brief of Notice of Appeal” and explained to the petitioner who at this point was pro se, the applicable rules of civil procedure giving him leave to file an amended draft report.
On August 17, ¡981, the court dismissed petitioner’s claim of appeal because of the inadequacy of petitioner’s amended draft report and on August 24, 1981 petitioner filed his petition to establish a report which is the subject of this appeal.
Rule 140oftheDist./Mun. Cts. Supp. R. Civ. P., which governs the procedure for the establishment of draft reports in unemployment security cases, provides that a draft report “shall state the nature of the proceedings, the findings of the trial judge and so much only of the evidence submitted to the trial judge as may be sufficient for a full understanding of the questions presented by the appeal. ’ ’ The petitioner’s draft certainly does not meet these requirements. As respondent points out, it sets out in enormous detail petitioner’s version of the facts but does not identify the trial judge’s findings that are disputed, nor does it summarize the evidence in such a way so an appellate court might be able to identify the issues.
Further, Rule 140 provides in paragraph 4, that a party who wishes to petition the Appellate Division to establish a draft report must file “his petition including a copy of the draft report. .. and five copies thereof verified by affidavit of the party or his attorney setting forth in full his claim of appeal and of the facts material thereto.” No such affidavit was filed in this case without which petitioner can hardly establish the truth of any of its allegations.
Thus, it would appear that on at least two counts petitioner has not complied with the requirements of Dist./Mun. Cts. Supp. R. Civ. P., Rule 140 and the court properly dismissed petitioner’s claim of appeal. See Mary I. Farrer, Admx. v. Earl Hopper, et al., 59 Mass. App. Dec. 91 (1976)
The petition to establish a draft report is hereby denied.